# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Margaret C. DiPenti,** *et al.*,

    **Plaintiffs,**

**v.**

Case No. 2:07-CV-1220
JUDGE SMITH
Magistrate Judge Kemp

**Nationwide Benefits
Administrative Committee,**

    **Defendant.**

## OPINION AND ORDER

Plaintiffs, Margaret DiPenti, Brenna Bodi, Justin Bodi and Hilari Bodi, bring this action on behalf of James Bodi, against Defendant Nationwide Benefits Administrative Committee, alleging a cause of action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Specifically, Plaintiffs bring this action to recover life insurance benefits, which they allege are due to the estate of James Bodi under the terms of the Nationwide Death Benefit Plan, of which Mr. Bodi was a past participant. This matter is currently before the Court for consideration of a motion for summary judgment by Plaintiffs (Doc. 15) and a motion for judgment on the administrative record by Defendant (Doc. 14). Also before the Court is a related motion to strike filed by Defendant (Doc. 17). For the reasons that follow, the Court **GRANTS** Defendant's Motion to Strike (Doc. 17), **DENIES** Plaintiffs' Motion for Summary Judgment (Doc. 15), and **GRANTS** Defendant's Motion for Judgment on the Administrative Record (Doc. 14).

## I. BACKGROUND

James Bodi was an employee of Nationwide Mutual Insurance Company ("Nationwide") for over ten years before he was terminated on November 18, 2006, due to the elimination of his position. While employed with Nationwide, Mr. Bodi participated in the Nationwide Death Benefit Plan (the "Plan"), which incorporated the Group Life Insurance Policy (the "Policy"). The Plan provided that if Mr. Bodi's employment with Nationwide was terminated, he could convert his group life insurance coverage into an individual life insurance policy. The Plan provides in pertinent part that:

> A. If you lose all or part of your life insurance because: (1) your employment terminates . . . you will be entitled to convert to an individual life policy. You may convert all or part of the amount of life insurance you lost . . . . This converted insurance will be an individual life insurance policy. It will be issued to you without proof of insurability. Written application and the first premium payment must be made to us within 31 days from the date of termination.

It is undisputed, however, that Mr. Bodi never exercised his right to convert the group policy into an individual one.

In 1999, Mr. Bodi was diagnosed with human immunodeficiency virus ("HIV"). The illness eventually led to his death on February 10, 2007. Prior to his death, on December 31, 2006, Mr. Bodi was found lying on the floor in his home, incoherent. Plaintiff DiPenti (Mr. Bodi's sister) alleges he had been in that state for several days prior to being found. Plaintiff DiPenti petitioned the Franklin County probate court for guardianship shortly thereafter, and on January 12, 2007, was appointed guardian for Mr. Bodi.

On February 8, 2007, just days before Mr. Bodi's death, Plaintiff DiPenti sent a letter to Defendant requesting an extension of Mr. Bodi's 31-day conversion period. The basis of this request was that Mr. Bodi was incompetent during the conversion period. Plaintiff DiPenti

alleged that Mr. Bodi was incapable of making financial or other decisions, that he otherwise would have elected to convert his policy, and that his impairment stayed the period of election for conversion of the policy.

Defendant rejected this request on February 27, 2007. As the basis for its decision, Defendant cited to the Plan language quoted above, and indicated that it had no record indicating that Mr. Bodi submitted a request to convert his policy within 31 days of November 18, 2006. Defendant also indicated that Plaintiff DiPenti had exhausted her rights under ERISA, and that she had the right to bring a civil action.

## II.    MOTIONS

As a preliminary matter, this Court will first address the pending motion to strike. Next, the Court will consider Plaintiffs' motion for summary judgment and Defendant's motion for judgment on the administrative record.

**A.    Defendant's Motion to Strike the Affidavit of Margaret DiPenti and Exhibits 2–4**

Defendant asks the Court to strike the Affidavit of Margaret DiPenti and Exhibits 2–4 to Plaintiffs' Motion for Summary Judgment, on the ground that in reviewing a plan administrator's decision to deny benefits, district courts are limited to reviewing only evidence that is contained in the administrative record.

It is well-settled that in reviewing an administrator's decision to deny benefits, the district court should limit its review to the evidence contained in the administrative record. Thus, the court is not to consider "any depositions, affidavits, or similar litigation-related materials." *University Hosps. of Cleveland v. Emerson Elec. Co.,* 202 F.3d 839, 845 n. 2 (6th Cir. 2000). Such evidence is only properly considered in the context of a procedural challenge to the Administrator's decision, such as lack of due process afforded by the Administrator or alleged

bias on its part. *Cooper v. Life Ins. Co. of N. America*, 486 F.3d 157, 171 (6th Cir. 2007). While it is true that the Court "may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record," the Sixth Circuit consistently holds that evidence outside the administrative record is not to be considered in this regard. *Id.* at 619. As the court explained in *Perry v. Simplicity Engineering,* 900 F.2d 963, 966-67 (6th Cir. 1990):

> [N]othing in the legislative history [of ERISA] suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme . . . . A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *See* 1974 U.S.Code Cong. & Admin.News 4639, 5000. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal.

Plaintiffs in this case do not allege any procedural deficiency nor do they allege that Defendant acted out of bias. For these reasons, the Court concludes that it is confined to considering only the Administrative Record and not the affidavit and exhibits offered by Plaintiffs. Accordingly, Defendant's motion to strike is **GRANTED**.

**B.     Plaintiffs' Motion for Summary Judgment**

1. *Summary Judgment Standard*

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electrical Industrial Co., Ltd*. v. *Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When receiving a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-151 (2000). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby*, *Celotex*, and *Matsushita* have effected "a decided change in summary judgment practice" ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The Court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts.'" *Id.* (*quoting Matsushita*, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### *2. Discussion*

Plaintiffs assert that under ERISA, it is within this Court's power and discretion to toll the conversion period provided for by the Plan. Specifically, Plaintiffs point to 29 U.S.C. § 1132(a)(3), which states that a participant may bring a civil action (A) " to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan," or (B) "to obtain other appropriate equitable relief (i) to redress such violations, or (ii) to enforce any provisions of this subchapter or the terms of the plan." It is under this provision that Plaintiffs ask this Court to toll the Plan's conversion period and order Defendant to accept Plaintiff DiPenti's untimely election.

This Court is not aware of, and Plaintiffs do cite to, any Plan language that requires Defendant to extend Mr. Bodi's conversion privilege in the event of his incompetence. Rather,

the Plan specifically provides that Mr. Bodi "must" make a written application to convert the Policy, along with his first premium payment, within 31 days of his termination from Nationwide. The Plan contains no provisions that suggest express deadlines may be extended in the event of incapacity. Thus, the plain language of the Plan required Mr. Bodi to seek conversion of his policy within 31 days of termination, regardless of incapacity. Plaintiffs admit he failed to do this.

The Sixth Circuit has explained that "[a] primary purpose of ERISA is to ensure the integrity and primacy of . . . written plans." *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997). The Court went on to note, "the plain language of an ERISA plan should be given its literal and natural meaning," and "federal courts may not apply common law theories to alter the express terms of written benefit plans." *Id.* Consequently, any application of federal common law tolling principles by this Court would vitiate the primacy and integrity of the Plan.

Even if this Court could toll the conversion period, Plaintiffs have failed to provide any evidence that Mr. Bodi was in fact incompetent from November 18, 2006 to December 18, 2006. The only evidence that was properly before Defendant, and now before this Court, that lends any support to this contention was Plaintiff DiPenti's February 8, 2007 letter to Defendant in which she alleged that Mr. Bodi was incompetent during this period (Doc. 3-6). However, this naked allegation of incompetence by Plaintiff DiPenti, without even so much as one piece of anecdotal evidence supporting her belief, cannot meet the summary judgment standard.

Based upon the foregoing discussion, the Court finds that equitable tolling is not applicable in this case and Plaintiffs' Motion for Summary Judgment is therefore **DENIED**.

**C.     Defendant's Motion for Judgment on the Administrative Record**

   *1.   Standard of Review*

The Court applies the arbitrary and capricious standard of review to the decision in this case because it is uncontested that Defendant had the discretion and authority to interpret the Plan's provisions. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Under this standard, the Court is to uphold a benefit determination if it is "rational in light of the plan's provisions." *Gismondi v. United Technologies Corp.,* 408 F.3d 295, 298 (6th Cir. 2005) (*quoting Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 381 (6th Cir. 1996)).  "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.* (*quoting Davis v. Kentucky Finance Cos. Ret. Plan,* 887 F.2d 689, 693 (6th Cir. 1989)).  The Court must accept a Plan Administrator's rational interpretation of the plan "even in the face of an equally rational interpretation offered by the participants." *Gismondi,* 408 F.3d at 298 (*citing Morgan v. SKF USA, Inc.,* 385 F.3d 989, 992 (6th Cir. 2004)).

Nonetheless, the Court must consider the possible conflict of interest and take the same into account when reviewing the decision under the arbitrary and capricious standard.  The deferential standard of review is not relaxed.  Rather, the conflict of interest is a factor taken into account. *University Hosps. of Cleveland v. Emerson Elec. Co.,* 202 F.3d 839, 846 (6th Cir. 2000).  The existence of a conflict of interest alone does not render a decision arbitrary or capricious; instead, the Plaintiff must come forward with actual evidence that the conflict of interest had some effect on the administrator's decision. *See Peruzzi v. Summa Med. Plan,* 137 F.3d 431, 433 (6th Cir. 1998).

## 2. *Discussion*

The terms of the conversion provision in the Plan are unabashedly clear. They provide that an individual wishing to exercise his or her termination right "must" exercise the privilege "within 31 days of the date of termination." Upon his termination from Nationwide, Mr. Bodi was provided with notice regarding the termination of his coverage, and his option to convert his then existing group coverage policy into an individual coverage policy. Having been terminated on November 18, 2006, Mr. Bodi's 31-day election period expired on December 18, 2006. There is no dispute that Mr. Bodi failed to exercise his conversion privilege during the prescribed period.

Plaintiffs contend that the election made by Plaintiff DiPenti in her role as Mr. Bodi's guardian was timely, despite falling outside of the 31-day conversion period. This contention is based on Plaintiffs' allegation that Mr. Bodi was incapable of making such an election due to his incapacity. Plaintiffs argue that Defendant failed to take Mr. Bodi's unique situation into account when evaluating whether his untimely conversion should have been allowed.

Although federal courts have expressed a willingness to apply equitable tolling principles to statutorily prescribed time limits due to an individual's incapacity or incompetence, *see Branch v. Bernd Co.*, 955 F.2d 1574, 1581 (11th Cir. 1992), Sixth Circuit case law, as discussed above, strongly suggest that equitable tolling principles should not be applied "to alter the express terms of written benefit plans." *Health Cost Controls*, 139 F.3d at 1072. Here, the Plan expressly provides the time period for making an election from group to individual coverage is 31 days from termination. The Plan contains no provisions for equitable tolling in the event of the participant's incapacity. Were this Court to apply principles of equitable tolling in this case, it would undermine the express written terms of the plan.

In any event, even if equitable tolling was available in this case, Defendant's decision was not arbitrary and capricious, because the administrative record was devoid of any evidence that Mr. Bodi was actually incapacitated during the conversion period. Plaintiff DiPenti's appeal to Defendant contained only the February 8, 2007 letter and its unsupported allegation that Mr. Bodi was incapacitated during the election period, the Letters of Guardianship naming Plaintiff DiPenti as Mr. Bodi's guardian, and the Magistrate's Decision with Notice. None of these documents, however, offer any proof that Mr. Bodi was incompetent from November 18, 2006 to December 18, 2006. Moreover, in Plaintiff DiPenti's affidavit, which was not before Defendant in making its determination, the only mention of the election period is a phone conversation during the second week of December 2006, in which it is alleged that Mr. Bodi "was not making any sense." Even had Defendant possessed Plaintiff DiPenti's affidavit, its refusal to extend the election period cannot be said to have been arbitrary and capricious in light of the express language of the Plan and lack of any substantial evidence that Mr. Bodi was in fact incapacitated during the election period.

Based on the foregoing discussion, the Court finds that Defendant's decision was not arbitrary and capricious, and concludes that Defendant is entitled to Judgment on the Administrative Record.

## III.  CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Summary Judgment (Doc. 15), **GRANTS** Defendant's Motion for Judgment on the Administrative Record (Doc. 14), and **GRANTS** Defendant's Motion to Strike the Affidavit of Margaret DiPenti and Exhibits 2-4 (Doc. 17).

The Clerk shall enter final judgment in this case, dismissing Plaintiffs' federal claims with prejudice.

The Clerk shall remove Documents 14, 15, and 17 from the Court's pending motions list.

The Clerk shall also remove this case from the Court's pending cases.

**IT IS SO ORDERED.**

> */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**